1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   DIMITRIOS KASTIS,                     |   Case No. 1:14-cv-01716-JLT (PC)

12            Plaintiff,                    |   ORDER DISMISSING COMPLAINT WITH
                                                LEAVE TO AMEND
13        v.                               |
                                               (Doc. 1)
14   MARGARET MIMS, et al.,                 |
                                               30-DAY DEADLINE
15            Defendants.                    |

16

17   **I.      Background**

18           This is Plaintiff's second case attempting to impose liability against Fresno County

19   officials for allegedly confiscating legal documents from his cell on March 31, 2012 which were

20   then turned over to prosecutors assigned to his pending state criminal case.

21           On October 16, 2013, the Honorable Lawrence J. O'Neill dismissed Plaintiff's prior case,

22   *Kastis v. Mims, et al.*, case number 1:13-cv-00361-LJO-DLB (PC) ("*Kastis I*"), without prejudice

23   for failure to state a claim under section 1983.  Plaintiff was precluded from seeking relief under

24   section 1983 since a finding in his favor would necessarily have invalidated his conviction or

25   sentence.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of

26   the conviction or sentence occurs, no cause of action under section 1983 exists).

27           In reshaping his claims for the current case ("*Kastis I* "), Plaintiff explains that the issues

28   have been "sanitized and isolated [from] having any relationship with Plaintiff's criminal case"

1  and he omits former Fresno County District Attorney Elizabeth A. Egan, Deputy District Attorney

2  Galen G. Rutiaga, and Fresno County District Attorney's Office employee Kevin Weins as

3  defendants.[1]  (Doc. 1, p. 4.)  Also omitted from this suit is Clovis Police Department Sergeant

4  McFadden, who, based on an exhibit in *Kastis I*, executed the search warrant that was obtained

5  following the confiscation of Plaintiff's legal material.  Notwithstanding Plaintiff's assertion that

6  this current suit is unrelated to his criminal proceedings, Plaintiff's constitutional claims still arise

7  from the search and seizure of his legal documents that were turned over to prosecutors.  (*Id.*, p.

8  9.)

9              **A.       Screening Requirement**

10             The Court is required to screen complaints brought by prisoners seeking relief against a

11  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

12  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

13  frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

14  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

15  § 1915(e)(2)(B)(i)-(iii).

16             Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

17  immunities secured by the Constitution and laws of the United States."  *Wilder v. Virginia Hosp.*

18  *Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of

19  substantive rights, but merely provides a method for vindicating federal rights conferred

20  elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

21             To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

22  right secured by the Constitution or laws of the United States was violated and (2) that the alleged

23  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

24  U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty*., 811 F.2d 1243, 1245 (9th Cir. 1987).

25             **B.       Summary of Plaintiff's Complaint**

26             Plaintiff is a pretrial detainee who is incarcerated at the Fresno County Jail.  Plaintiff

27

28  ─────────────────
[1] The Court may take judicial notice of its own records in other cases, and the Court takes judicial notice of Plaintiff's
complaint in case number 1:13-cv-00361-LJO-DLB (PC).  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1   alleges that defendants Sheriff Margaret Mims, Captain Susan Watkins, Lieutenant Copher,

2   Sergeants Stephanie Gibbs and H. Lara, Corporal Carrie Padilla, and Officer Gaad violated his

3   constitutional rights.  Plaintiff seeks monetary damages.

4        In the complaint, Plaintiff alleges that on March 31, 2012, jail officials conducted a

5   "cleanliness inspection," during the course of which they entered Plaintiff's cell and inspected

6   manila envelopes and expandable file folders containing Plaintiff's legal material.  (Doc., p. 4.)

7   Some of Plaintiff's documents were confiscated, purportedly because they contained explicit

8   material which was discovered when the officer separated a stack of legal material in half to

9   review for contraband.  Plaintiff alleges that although the confiscated documents were described as

10  being in a manila envelope, they were in a folder, making it impossible for the confiscated

11  documents to have been discovered in a cursory review involving separating the stack of

12  documents.  Plaintiff alleges that the search and seizure of his legal materials violated his

13  constitutional rights, and caused him "other injury" through their release to prosecutors.[2]  (*Id.*, p.

14  9.)

15       Plaintiff's Complaint specifies neither the legal grounds for his constitutional claims, nor

16  the basis of his "other injury."  Therefore, the Court will address what appear to be possible bases

17  for his claims in light of the nature of his allegations.

18       **C.    <u>Pleading Requirements</u>**

19            **1.  Federal Rule of Civil Procedure 8(a)**

20       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

21  exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

22  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

23  statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

24  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

25  the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

26

27  ──────────────
    [2] The material was described by jail officials as involving sexual content and underage children.  The material was
    turned over to the Fresno County District Attorney's Office and it led to the issuance of a search warrant, which

28  resulted in the discovery of additional material.  (Comp., Ex. C, & case number 1:13-cv-00361-LJO-DLB (PC),
    Comp., Ex. E.)

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.  Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible.  He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

## 2.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] . . . subjects, or causes to be subjected,

4

1

2

any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

4   the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

5   *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

6   (1976).

7           Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

8   other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d

9   1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);

10  *Jones*, 297 F.3d at 934.  "Section 1983 is not itself a source of substantive rights, but merely

11  provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada ex rel.*

12  *Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386,

13  393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff

14  must allege facts demonstrating the existence of a link, or causal connection, between each

15  defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't*

16  *of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-

17  08 (9th Cir. 2011).

18          The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

19  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

20  in another's affirmative acts or omits to perform an act which he is legally required to do that

21  causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

22  1978).  Under section 1983, Plaintiff must demonstrate that each defendant personally participated

23  in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

24          The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

25  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

26  in another's affirmative acts or omits to perform an act which he is legally required to do that

27  causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

28  1978).  Under section 1983, Plaintiff must demonstrate that each defendant personally participated

1   in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

2          Plaintiff must clearly show which Defendant(s) he feels are responsible for each violation

3   of his constitutional rights and their factual basis as his Complaint must put each Defendant on

4   notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th

5   Cir. 2004).

6          **D.     Claims for Relief**

7                 **1. First Amendment**

8          Plaintiff cites the jail's incoming and outgoing legal mail policy in support of his claim that

9   his rights were violated, which is suggestive of a First Amendment claim. *See Wolff v.*

10  *McDonnell*, 418 U.S. 539, 576-77, 94 S.Ct. 2963 (1974).  However, no cognizable claim is stated,

11  and the fit between the facts and a First Amendment claim is awkward at best.  This case does not

12  involve allegations that jail officials read incoming or outgoing confidential legal mail between

13  Plaintiff and his attorney outside of his presence, and the mail policy appears irrelevant to the

14  events that occurred.  Rather, Plaintiff appears to be representing himself in his criminal

15  proceedings and the legal material at issue was not mail but part of his casework.  Thus, Plaintiff's

16  claim arising from the alleged interference with his confidential legal documents is best addressed

17  under the Sixth Amendment, as discussed below. *See Nordstrom v. Ryan*, 762 F.3d 903, 909-910

18  (9th Cir. 2014) (analyzing confidential legal mail claim under the Sixth Amendment).

19                **2. Fourth Amendment Claim**

20         A main focus of this case appears to be pursuit of a Fourth Amendment search and seizure

21  claim.  However, Plaintiff is an inmate and he has *no* reasonable expectation of privacy in his jail

22  cell.  Therefore, any attempt to state a claim for violation of the Fourth Amendment with respect

23  to the search of his cell and the seizure of his property fails as a matter of law. *Hudson v. Palmer*,

24  468 U.S. 517, 536, 104 S.Ct. 3194 (1984) ("The Fourth Amendment has no applicability to a

25  prison cell."); *see also Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (pretrial detainee had

26  no right to be present during cell search); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989)

27  (Fourth Amendment does not protect inmate from seizure and destruction of his property).  Of

28  additional note, the seized material was turned over to prosecutors, and to the extent the seized

material relates to the pending criminal case against Plaintiff, a potential *Heck* bar issue is raised. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611-12 (9th Cir. 2011) (*Heck* applies to Fourth Amendment claims) (citing *Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (section 1983 challenge to "search and seizure of the evidence upon which [defendants'] criminal charges and convictions were based barred by *Heck*) and *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (claim "alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned.") (*overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091 (2007))).

### 3. Sixth Amendment

The Sixth Amendment guarantees Plaintiff the right to represent himself in criminal proceedings, *Faretta v. California*, 422 U.S. 806, 834-36, 95 S.Ct. 2525 (1975), and that right includes access to law books, witnesses, and other tools necessary to prepare a defense, *Taylor v. List*, 880 F.2d 1040, 1047 (1989) (quotation marks and citation omitted); *Milton v. Morris*, 767 F.2d 1443, 1446-47 (9th Cir. 1985).  The Sixth Amendment is meant to assure fairness in the adversary criminal process and the right to counsel attaches when the government initiates adversarial proceedings.  *United States v. Danielson*, 325 F.3d 1054, 1066 (9th Cir. 2003) (quotation marks omitted).  Improper interference by the government with the confidential relationship between a criminal defendant and his counsel violates the Sixth Amendment where the interference substantially prejudices the defendant.  *Danielson*, 325 F.3d at 1069 (citation and quotation marks omitted); *accord Nordstrom*, 762 F.3d at 910 (citing *Williams v. Woodford*, 384 F.3d 567, 585-85 (9th Cir. 2004)).

Plaintiff's allegations suggest he may be asserting that the seizure of his own legal material interfered with his ability to prepare his defense in his pending criminal case.  (Doc. 1, Ex. B.)  As an initial matter, Plaintiff's claim appears to be unripe, as Plaintiff fails to allege any facts demonstrating the existence of any injury resulting from jail officials' actions.  *See Danielson*, 325 F.3d at 1069 (governmental intrusion in confidential legal matters with respect to evidence violates the Sixth Amendment only if substantial prejudice is shown); *see also Nevada Dep't of*

1  *Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 348,

2  116 S.Ct. 2174 (1996)) (denial of access to the courts claim requires showing of actual injury).

3        If Plaintiff is convicted and can thereafter allege substantial prejudice as a result of jail

4  officials' confiscation and release of his legal material to prosecutors for use as evidence, his claim

5  will be subject to the rule in *Heck*, which provides that "in order to recover damages for allegedly

6  unconstitutional conviction or imprisonment, or for other harm caused by actions whose

7  unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

8  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

9  invalid by a state tribunal authorized to make such determination, or called into question by a

10  federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87;

11  *accord Wilkinson v. Dotson*, 544 U.S. 74, 81-2 (2005) ("[A] state prisoner's § 1983 action is

12  barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no

13  matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

14  proceedings) - *if* success in that action would necessarily demonstrate the invalidity of

15  confinement or its duration."); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002)

16  (convicted prisoner's Sixth Amendment claim barred by *Heck*); *Trimble v. City of Santa Rosa*, 49

17  F.3d 583, 585 (9th Cir. 1995) (per curiam) (convicted prisoner's Sixth Amendment claim barred

18  by *Heck*); *Schwarz v. City of Phoenix*, 83 F.Supp.2d 1102, 1104-05 (D.Ariz. 2000).  At this

19  juncture, however, the lack of *any* alleged injury suffices to support the Court's finding that no

20  viable claim under the Sixth Amendment is alleged.

21                      **4. Fourteenth Amendment**

22        Finally, the Due Process Clause of the Fourteenth Amendment of the United States

23  Constitution protects Plaintiff from being deprived of property without due process of law, *Wolff*

24  *v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in

25  their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized,

26  intentional deprivations of property are actionable under the Due Process Clause, *see Hudson*, 468

27  U.S. at 532 n.13; *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause

28  is violated only when the agency "prescribes and enforces forfeitures of property without

1  underlying statutory authority and competent procedural protections," *Greene*, 648 F.3d at 1019

2  (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).  The

3  Complaint is devoid of any facts supporting a viable due process claim with respect to the

4  confiscation of his documents.

5              **5.  Plaintiff's Allegation of "Other Injury"**

6              As indicated above, Plaintiff's allegations suggest that he sustained "other injury" from the

7  release to prosecutors of his seized legal materials.  If such "other injury" encompasses a criminal

8  proceeding which has concluded and resulted in a finding against Plaintiff, any such claims will

9  not be cognizable until such conviction or sentence has been invalidated.

10            The United States Supreme Court has determined that an inmate may not bring an action

11  under § 1983 if its success would release the claimant from confinement or shorten its duration,

12  *Preiser v, Ridrugyez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973), or would necessarily imply the

13  invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Where the

14  plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying

15  conviction or sentence, he must first "prove that the conviction or sentence has been reversed on

16  direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

17  such determination, or called into question by a federal court's issuance of a writ of habeas corpus,

18  28 U.S.C. § 2254."  *Heck* at 487-88.  "A claim for damages bearing that relationship to a

19  conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id.* at 488.

20            Any such claims are likewise not cognizable under § 1983 if the release of Plaintiff's legal

21  materials to prosecutors resulted in criminal charges, for which proceedings are ongoing.  *See*

22  *Younger v. Harris*, 401 U.S. at 43–54, 91 S.Ct. 746 (1971) (reaffirming the long-standing principle

23  that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state

24  criminal proceedings).  Under this principle, pending civil enforcement actions are "akin to"

25  criminal proceedings, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S.Ct. 1200 (1975), and to

26  suits challenging "the core of the administration of a State's judicial system," *Juidice v. Vail*, 430

27  U.S. 327, 335 (1977).  In civil cases, *Younger* abstention "is appropriate only when the state

28  proceedings: (1) are ongoing; (2) are quasi-criminal enforcement actions or involve a state's

1   interest in enforcing the orders and judgments of its courts; (3) implicate an important state

2   interest; and (4) allow litigants to raise federal challenges."  *See Readylink Healthcare, Inc. v.*

3   *State Compensation Ins. Fund,* 754 F.3d 754, 758-59 (9th Cir. 2014) citing *Sprint*

4   *Communications, Inc. v. Jacobs*, ___U.S. ___, 134 S.Ct. at 593-94 (2013); *Gilbertson v. Albright*,

5   381 F.3d 965, 977-78 (9th Cir. 2004).  "If these 'threshold elements' are met, we then consider

6   whether the federal action would have the practical effect of enjoining the state proceedings and

7   whether an exception to *Younger* applies."  *Id.,* citing *Gilbertson*, 381 F.3d at 978, 983-84.  "Each

8   element must be satisfied, *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir.

9   2007), and the date for determining whether *Younger* applies is the date the federal action is filed,

10  *Gilbertson*, 381 F.3d at 969 n. 4."  *Id.*

11          Finally, "under what has come to be known as the *Rooker-Feldman* doctrine, lower federal

12  courts are precluded from exercising appellate jurisdiction over final state-court judgments."

13  *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006).  The *Rooker-Feldman* doctrine

14  applies to cases brought by state-court losers complaining of injuries caused by state-court

15  judgments rendered before the federal district court proceedings commenced and inviting district

16  court review and rejection of those judgments and it does not otherwise override or supplant

17  preclusion doctrine or augment doctrines that allow federal courts to stay or dismiss proceedings

18  in deference to state court actions.  *See Exxon Mobile Corp v. Saudi Basic Industries Corp.*, 544

19  U.S. 280, 284, 125 S.Ct. 1517 (2005).  Thus, this Court lacks jurisdiction if Plaintiff's "other

20  injury" resulted from a state-court judgment which he seeks to attack here.

21          Accordingly, if Plaintiff decides to file an amended complaint, he must indicate precisely

22  what "other injury" he sustained as a result of his seized legal materials being turned over to

23  prosecutors.  If such injury involved a criminal proceeding of any kind, Plaintiff must specify the

24  court or administrative body where it was filed, the case number, and the current status of any

25  such proceeding.

26  **III.    Conclusion and Order**

27          Although Plaintiff alleges that this suit is unrelated to his criminal charges, his assertion is

28  undercut by the fact that he alleges his legal material was illegally seized and turned over to

prosecutors, causing him an unspecified "injury." (Doc. 1, pp. 4, 9.) It is difficult to envision how legal materials which were (1) confidential, (2) related to Plaintiff's criminal defense, and (3) the cause of an "injury" via disclosure to prosecutors could *not* be inextricably intertwined with criminal charges apparently pending against him. Moreover, notwithstanding the potential applicability or inapplicability of the *Heck* bar, one of Plaintiff's main claims appears to be violation of the Fourth Amendment with respect to the search of his cell and the seizure of his legal documents which fails as a matter of law. *Hudson*, 468 U.S. at 536.

Thus, Plaintiff's Complaint fails to state any claims upon which relief may be granted under section 1983. Nevertheless, out of an abundance of caution, Plaintiff is granted ***one*** opportunity to amend so that he may more clearly identify the factual bases for his constitutional claims. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff chooses not to pursue this issue in an action under § 1983, he may file a notice of voluntary dismissal of this action in that same time as that specified herein for filing a first amended complaint. If Plaintiff fails to file either a first amended complaint or a notice of voluntary dismissal, the action will be dismissed for his failure to state a claim and will count as a strike under 28 U.S.C. § 1915. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the circumstances complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).  It may not exceed twenty-five pages in length, excluding exhibits.

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading,"  Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, it is HEREBY ORDERED that:

1.    The Complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    **Within 30 days** from the date of service of this order, Plaintiff shall file an amended complaint not to exceed twenty-five pages, excluding exhibits; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state any claims under section 1983 and for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 6, 2015**                         **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE