1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS KASTIS, | 1:14-cv-01716-DAD-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM** |
| v. | |
| MIMS, et al., | |
| Defendants. | (Docs. 7, 8) |
| | **30-DAY DEADLINE** |

On October 6, 2015, the Court issued an order finding that Plaintiff had failed to state any cognizable claims, dismissing his complaint with 30 days leave to amend.  (Doc. 7.)  More than 30 days passed and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order.  Thus, on November 19, 2015, an order issued ("the OSC") (Doc. 8) for Plaintiff to show cause within 30 days why this action should not be dismissed because of his failure both to state a claim and to comply with the Court's order.  (Doc. 8)  More than 30 days have lapsed and Plaintiff has not filed a response to the order to show cause.  Plaintiff was warned that the failure both to state a claim and to comply with the Court's order would result in dismissal of this action. (*Id.*)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with or otherwise respond to the OSC, there is no alternative but to dismiss the action for his failure to respond to/obey a court order and for failure to prosecute. Further, dismissal of this action should count as a strike under 42 U.S.C. 1915(g) since Plaintiff failed to state a cognizable claim.

Accordingly, it is HEREBY RECOMMENDED that this action be **DISMISSED**, with prejudice, for Plaintiff's failure both to obey a court order and to prosecute this action, 42 U.S.C. § 1997e (a), and that Plaintiff be given a strike under 42 U.S.C. 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __January 12, 2016__                    _____**/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE

2